IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SOLON PHILLIPS,              :
                             :
    Plaintiff,               :
                             :    CIVIL ACTION
v.                           :
                             :    NO. 1:11-cv-2194-TWT-ECS
JPMORGAN CHASE,              :
EMC Mortgage Corporation,    :
                             :
    Defendants.              :

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This is a removal action from the Superior Court of Fulton County. [Doc. 1]. The case is presently before the Court on Defendant's motion to dismiss for failure to state a claim, [Doc. 2], and Defendant's motion to strike Plaintiff's amended complaint, [Doc. 7]. For the reasons discussed herein, **IT IS RECOMMENDED** that the motion to dismiss, [Doc. 2], be **GRANTED**. Further, **IT IS RECOMMENDED** that Defendant's motion to strike, [Doc. 7], be **GRANTED**, and that Plaintiff's proposed amended complaint, [Doc. 6], be **STRICKEN.**

**I.**
**Background**

On May 9, 2011, Plaintiff Solon Phillips ("Plaintiff") filed a complaint against "JP Morgan Chase and EMC Mortgage Corporation" (hereinafter "Defendant")[1] in the State Court of Fulton County,

---

[1] In the notice of removal, Defendant JPMorgan Chase Bank, N.A., states that it is a "successor servicer to EMC Mortgage LLC, formerly known as EMC Mortgage Corporation." [Doc. 1 at 1]. Further,

alleging "Negligence and Gross Negligence." [Doc. 1-1 at 8].[2] Plaintiff's claim arises out of negotiations between Plaintiff and Defendant for a home loan modification that Plaintiff believed had been agreed-to by Defendant. See generally [id.].[3]

Plaintiff alleges that, before the loan modification at issue, "[d]uring the year of 2009 and 2010, Plaintiff and Defendants entered into a forbearance agreement in which Plaintiff agreed to pay and Defendants agreed to accept [] reduced payments of $760.01 for his home," and that "Defendants faithfully accepted these payments" during that time. [Doc. 1-1 at 3]. He also alleges that during 2009 and 2010, "Defendants agreed to review Plaintiff's financial (sic) to determine whether he was qualified to receive a loan modification pursuant to federal programs designed to save homeowners from foreclosure." [Id.].

---

Plaintiff's complaint alleges that "Defendant EMC Mortgage, recently purchased by JP Morgan, is the mortgage servicing company for Chase." [Doc. 1-1 at 3]. Hereinafter, therefore, the named defendants will be referred to jointly as "Defendant."

[2] In light of this Court's recommendation that Plaintiff's amended complaint, [Doc. 6], be stricken, the undersigned refers to Plaintiff's original complaint, [Doc. 1-1], throughout this Report and Recommendation as "the Complaint."

[3] This is not Plaintiff's first appearance in this Court in an action seeking to stop or reverse a foreclosure and to obtain an award of damages for alleged breach of contract and negligence by a lender in connection with a foreclosure on property owned by him. See Phillips v. BAC Home Loans Servicing, LP, and Bank of America, N.A., Civ. No. 1:10-cv-2563-TWT. On March 16, 2011, this action was dismissed summarily for failure to state a claim. See id. [Doc. 22].

On August 13, 2010, Plaintiff, who had an adjustable-rate mortgage, see [Doc. 2-2 at 15], received a letter from Defendants stating that the interest rate on his loan was being reduced from 7.12 percent to 2.8 percent, "[i]n accordance with the terms of [his] Adjustable Rate Mortgage." [Doc. 1-1 at 11]. The letter specified that, starting on October 1, 2010, Plaintiff's payments would be reduced to $561.65 per month. [Id.]; [Doc. 1-1 at 3-4]. Plaintiff states that he "began making these payments in full and Defendants accepted Plaintiff's payments," and that "[a]t no time did Defendants alert Plaintiff to the status of his loan modification. Indeed, Plaintiff was lead (sic) to believe that this modification was the modification he was seeking" under federal loan modification programs. [Id. at 4].

On October 28, 2010, Plaintiff received a letter from Defendant stating that "Chase . . . recently wrote to you to advise that we are missing certain documentation necessary to complete your request for a modification of the above-referenced loan," with directions to Plaintiff to fax the requested materials to Chase. [Doc. 1-1 at 12] (October 25, 2010, letter from Defendant to Plaintiff), [Doc. 1-1 at 4]. Plaintiff alleges he "was confused by Defendants' letter since [he] believed that his loan was already modified . . . pursuant to Defendants' August 13 letter," but that he "nonetheless faxed all documentation Defendants requested." [Doc. 1-1 at 4]. A series of

3

communications back and forth between Plaintiff and Defendant ensued, wherein Defendant repeatedly advised Plaintiff that Defendant needed certain information from Plaintiff in order to consider his request for a loan modification. [Id. at 4-8].

Also during this time frame, in January and February of 2011, Plaintiff sent Defendant checks for $561.65 that were not accepted by Defendant. [Doc. 1-1 at 4, 6]. When the first check was returned by Defendant to Plaintiff in January of 2011 and Plaintiff asked why, Defendant told Plaintiff that "since the parties were no longer in the forbearance agreement[,] . . . the portion of the mortgage that was not paid during the Agreement was now due." [Id. at 5]. Plaintiff states that, at that time, Defendant also "advised [Plaintiff] that a mortgage modification was still needed in order to roll the balance from the forbearance agreement into the total principal of the mortgage." [Id.].

Plaintiff alleges that in late January of 2011, "Plaintiff discovered that Defendant[] reported the loan to his home as being foreclosed." [Doc. 1-1 at 5]. Plaintiff states that a foreclosure did not occur, but that, upon seeing the notification of foreclosure, "Plaintiff's tenant . . . vacated the property[,] believing the home would be foreclosed upon." [Id.]. Plaintiff also alleges that during this time, he was declined for a loan on an office suite because of the foreclosure listing by Defendant. [Id.].

4

As previously mentioned, Plaintiff brought suit on May 9, 2011, in the State Court of Fulton County, alleging a sole count for "Negligence and Gross Negligence." [Doc. 1-1 at 8-9]. In the count for negligence, Plaintiff alleges that "Defendants have a duty to evaluate borrowers whose loans they service with reasonable level of car (sic) for federal loan modification programs and to qualify borrowers for federal loan modification programs . . . ." [Id.]. He also alleges that "Defendants have a duty to report accurate information to the reporting bureaus." [Id.]. He alleges that "[a]s a direct and proximate result of the foregoing and other breaches, acts and omissions of the Defendants, Plaintiff suffered serious financial losses in excess of $500,000." [Id.].

On July 5, 2011, Defendant removed the case to this Court under 28 U.S.C. §§ 1441 and 1446, [Doc. 1], alleging removal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. [Id. at 2]. On July 12, 2011, Defendant filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. [Doc. 2].

On August 18, 2011, without having requested or obtained leave of Court to amend, Plaintiff filed an amended complaint to add a second cause of action for "Promissory Estoppel." [Doc. 6]. Defendant filed a motion to strike Plaintiff's amended complaint on August 30, 2011. [Doc. 7].

5

Both of Defendant's motions may be deemed unopposed because Plaintiff failed to respond within the time allowed. LR 7.1B, NDGa.[4] For the reasons discussed herein, the undersigned **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 2], be **GRANTED**, and that Plaintiff's complaint be **DISMISSED**. Furthermore, **IT IS RECOMMENDED** that Defendant's motion to strike Plaintiff's amended complaint, [Doc. 7], be **GRANTED**, and that Plaintiff's amended complaint, [Doc. 6], be **STRICKEN**.

**II.**
**Defendant's Motion to Dismiss**

**A. Standard for Rule 12(b)(6) Dismissal**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); Fuller v. Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Although the

---

[4] Plaintiff filed his response to Defendant's motion to dismiss on September 2, 2011, well outside of the fourteen-day period provided in LR 7.1.B. [Doc. 2]. Even though untimely, the Court has reviewed and considered his response.

6

complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1965. Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

**B. Negligence and Gross Negligence Claims**

Defendant argues that "[w]hile Plaintiff styles Count I of his Complaint as a claim for negligence, Plaintiff's allegations primarily rely upon alleged violations of the Fair Credit Reporting Act ("FCRA")." [Doc. 2-1 at 5]. Defendant argues that it did not violate the FCRA because it accurately reported that Plaintiff was in default on his loan. [Id. at 6]. Defendant also argues that, to the extent Plaintiff's negligence claim can be construed as a claim under the Home Affordable Modification Program ("HAMP"), the claim should be dismissed because there is no private right of action under HAMP. [Id. at 7-8]. Finally, Defendant argues that "[t]o the extent Plaintiff's assertions can be interpreted to assert a breach of fiduciary duty, this assertion is misguided" because "[i]n Georgia, there is no fiduciary duty between creditor and debtor." [Id. at 6 n.4].

7

To state a cause of action for negligence under Georgia law, a plaintiff must establish four elements:

> (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the duty.

Bradley Ctr., Inc. v. Wessner, 250 Ga. 199, 200 (1982). See also McMann v. Mockler, 233 Ga. App. 279, 280 (1998).

In this case, Plaintiff has not alleged any factual basis for a duty in Defendant that would support a claim for negligence. Plaintiff's allegation that Defendant had a duty to evaluate borrowers with reasonable care for a loan modification is insufficient to support a negligence claim in tort. Such a duty is tantamount to alleging breach of a duty of good faith and fair dealing. "Although a duty of good faith and fair dealing is implied in every contract, this duty is contractual in nature and does not ordinarily give rise to tort liability." ServiceMaster Co., L.P. v. Martin, 252 Ga. App. 751, 755-56 (2001).

Nor does the allegation that Defendant had "a duty to report accurate information to reporting bureaus" support a claim for negligence. A claim based upon breach of such a duty would arise, if at all, under the Fair Credit Reporting Act, 15 U.S.C. § 1681-1681t. But Section 1681s-2(c) provides that a furnisher of information to

8

a consumer reporting agency is not liable for negligence under Section 1681(o) (civil liability for negligent noncompliance) for reporting false information under Section 1681s-2(a), and private suits for violation of the duty to furnish accurate information under this provision are not allowed. See Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009).

Liability for false reporting by a furnisher of information may arise when the furnisher of information receives a "notice of dispute" under Section 1681s-2(b) and fails to investigate the alleged inaccurate information and, if applicable, correct the inaccurate information. See 15 U.S.C. § 1681s-2(c) (not limiting liability for violations of Section 1681s-2(b)). In this case, however, Plaintiff's complaint alleges neither that such a "notice of dispute" was given, nor that there was a failure to investigate or to correct. Accordingly, Plaintiff's "Negligence and Gross Negligence" claim, to the extent it could have been based upon any duty arising under the FCRA, fails to state a claim.

Furthermore, under Georgia law there is no confidential relationship between a mortgagor and mortgagee, and a mortgagee owes no fiduciary duty to the mortgagor. See Dollar v. NationsBank of Ga., N.A., 244 Ga. App. 116, 117 (2000); see also Adams v. JPMorgan Chase Bank, 1:10-cv-4226-RWS, 2011 WL 2532925 at *4 (citing Russell v. Barnett Banks, Inc., 241 Ga. App. 672, 673-74 (1999)). Thus, breach

9

of fiduciary duty could not form the basis for a cause of action by Plaintiff against Defendant under the facts as pled in the Complaint.

And even if Defendant did have a duty of care owed to Plaintiff in tort, Plaintiff has not alleged facts sufficient to support a breach of any such duty or to show how such a breach caused him injury. Taking the facts from the Complaint and the documents Plaintiff attaches to the Complaint,[5] it appears that Plaintiff and Defendant had a forbearance agreement in 2009 and through 2010; that Defendant refused Plaintiff's reduced payments starting in January of 2011; and that Defendant advised Plaintiff in January of 2011 that the forbearance period had ended and that the portion of the mortgage not paid during that period was then due. [Doc. 1-1 at 3-5]. It is also apparent that Plaintiff's failure to tender the full amount owed after the forbearance period ended caused his loan to be declared in default. [Id. at 5] (alleging that Plaintiff's loan was in foreclosure starting in January of 2011, the first month that the forbearance agreement was no longer in effect). The fact that the interest rate on Plaintiff's adjustable-rate loan was changed in October of 2010, [id. at 11], is of no consequence, because the forbearance agreement was still in effect through the end of 2010. Although Plaintiff has alleged that he received contradictory

---

[5] On a motion to dismiss, the Court may consider documents "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim." Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1369 (11th Cir. 1997).

AO 72A
(Rev.8/82)

communications from Defendant as to the status of his request for modification and was given "the run-around" in his efforts to negotiate a modification, he does not allege facts upon which it could be inferred that a modification agreement was ever reached between Plaintiff and Defendant. In fact, the record shows there was never a meeting of the minds as to any such agreement.

To the extent the First Cause of Action of Plaintiff's complaint could be read as asserting a claim directly under the FCRA by alleging that Defendant breached a duty to report accurate information to consumer reporting agencies in violation of 15 U.S.C. § 1681s-2, as opposed to a claim based strictly upon negligence, Plaintiff's claim would fail because he has not alleged any more than conclusory allegations that Defendant reported inaccurate information. [Doc. 1-1 at ¶¶ 23-24]. Plaintiff acknowledges in the Complaint that Defendant advised him in January of 2011 "that since the parties were no longer in the forbearance agreement[,] . . . the portion of the mortgage that was not paid during the Agreement was now due." [Doc. 1-1 at 5, 8]. Therefore, the record shows that Plaintiff was indeed in default, and his property was subject to foreclosure; thus, any report of these facts to any credit reporting agency under the FCRA would not have been a report of false information, even if the Act provided a remedy here. See 15 U.S.C. § 1681s-2.

AO 72A
(Rev.8/82)

Furthermore, as discussed above at pages 8-9, even if Plaintiff had alleged facts to support a viable claim for failure to furnish accurate information to a consumer reporting agency in violation of 15 U.S.C. § 1681s-2(a), the FCRA, as previously discussed, provides that the civil remedy provisions of 15 U.S.C. § 1681(n) and § 1681(o) do not allow private suits for violation of § 1681s-2(a). See 15 U.S.C. § 1681s-2(c). See also Peart v. Shippie, 345 F. App'x 384, 386 (11th Cir. 2009). Thus, Plaintiff would have no independent right of action under the FCRA based upon Defendant's alleged furnishing of false information to a consumer reporting agency.

Further, to the extent the First Cause of Action of the Complaint could implicate a cause of action under HAMP, such a claim would also fail. There is no allegation that Defendant represented to Plaintiff - either expressly or impliedly - that his loan modification had been approved under HAMP. Although Plaintiff states he believed the August 12, 2010, letter from Defendant was an approval of his loan modification under HAMP, see [Doc. 1-1 at 4] (stating the interest rate change effective October, 2010), there appears to have been no reasonable basis for such a belief arising from any actions or statements of Defendant. The August 12, 2010, letter from Defendant to Plaintiff notified Plaintiff that his payment amount was changing "[i]n accordance with the terms of [his] Adjustable Rate Mortgage." [Doc. 1-1 at 11]. Defendant's October 25,

2010, letter to Plaintiff stated that Plaintiff had "requested consideration for the Trial Period Plan" under HAMP - not that he was "currently in a Trial Period Plan" or approved for a modification. [Id. at 12]. Moreover, Plaintiff acknowledges in his complaint that Defendant repeatedly told him that his loan modification application could <u>not</u> be completed because Defendant did not have all the necessary documentation from Plaintiff. See generally [Doc. 1-1].

Even if it could be said that Defendant did in fact receive Plaintiff's documentation and should have modified his loan under HAMP, a claim under HAMP would fail because the Eleventh Circuit has explicitly held that "nothing express or implied in HAMP gives borrowers a private right of action." <u>Nelson v. Bank of Am., N.A.</u>, 446 F. App'x 158, 159 (11th Cir. Oct. 31, 2011); <u>accord</u> <u>Thomas v. Pentagon Fed. Credit Union</u>, 393 F. App'x 635 (11th Cir. 2010) (finding that district court was within its discretion to dismiss mortgagor's TARP claim as frivolous); <u>Bank v. Homes By Williamscraft, Inc.</u>, No. 1:09-cv-91-TWT, 2009 WL 3753585 (N.D. Ga. Nov. 6, 2009) (a loan recipient whose security deeds were foreclosed upon by a financing institution, a TARP fund recipient, did not have a private cause of action against the financing institution for violation of its duties under TARP).

In summary, because Plaintiff has not alleged the basis for any breach of duty by Defendant that would support a claim for negligence or gross negligence; has not alleged a plausible claim that Defendant

13

AO 72A
(Rev.8/82)

reported inaccurate information to any consumer reporting agencies; and because no private right of action exists under HAMP, or TARP, or under Section 1681s-2(a) of the FCRA, **IT IS RECOMMENDED** that Plaintiff's negligence and gross negligence claims ("First Cause of Action") be **DISMISSED**.

## C. Injunctive Relief

In his complaint, Plaintiff seeks injunctive relief. [Doc. 1-1 at 9] ("Plaintiff respectfully petitions this Court to . . . [e]njoin Defendants from proceeding with foreclosure."). However, as Defendant argues, [Doc. 2-1 at 10-12], Plaintiff cannot be granted injunctive relief because he has not indicated his ability or willingness to tender security in any amount, nor has he met the four requirements for obtaining injunctive relief.

First, this Court may not issue an injunction unless "the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c); accord Nicholson v. OneWest Bank, 1:10-cv-0795-JEC-AJB, 2010 WL 2732325 at *5 (N.D. Ga. Apr. 20, 2010); Taylor v. Wachovia Mortg. Co., 1:07-cv-2671-TWT, 2009 WL 249353 at *5 n.6 (N.D. Ga. Jan. 30, 2009). In this case, Plaintiff has not tendered any security for the amount he owes on his mortgage to bring it out of default. Under Georgia law, the Court may not enjoin a foreclosure sale in this circumstance. Nicholson, 2010 WL 2732325 at *5; Taylor, 2009 WL 249353 at *5 n.6.

14

See also Smith v. Citizens & S. Fin. Corp., 245 Ga. 850, 852 (1980) ("Appellants have made no tender of the indebtedness secured by the deed to secure debt and thus are not entitled to set aside the sale under power."); Mickel v. Pickett, 241 Ga. 528, 535 (1978).

Further, even if Plaintiff had shown that he had standing to bring an action to enjoin a foreclosure, he has not shown any of the preliminary requirements for obtaining injunctive relief. A party moving for injunctive relief must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) granting the injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). See also [Doc. 12 at 12], 1:11-cv-743-WSD (N.D. Ga. Mar. 31, 2011) (Duffey, J.) (denying plaintiff's request for injunctive relief because he "failed to allege any claim in this action upon which relief can be granted"). Plaintiff has not met any of the four requirements for obtaining injunctive relief. Most notably, Plaintiff has not shown a substantial likelihood of success on the merits because none of his negligence claims states a claim upon which relief can be granted. Accordingly, **IT IS RECOMMENDED** that Plaintiff's request for injunctive relief be **DENIED**.

15

**III.**
**Defendant's Motion to Strike**

On August 18, 2011, Plaintiff filed an amended complaint that added a Second Cause of Action for "Promissory Estoppel" against Defendant based on Defendant's alleged "clear promise to Plaintiff" that his "new mortgage payment [would] be reduced to $561.65 per month." [Doc. 6 at 8]. Defendant filed a motion to strike the amended complaint on August 30, 2011, arguing that Plaintiff's amended complaint should be stricken as untimely and as futile. [Doc. 7].

After a defendant has filed an answer or a motion to dismiss, a plaintiff may file an amended complaint within twenty-one days after service of such answer or motion; otherwise, leave of court is required. Fed. R. Civ. P. 15(a). Amendments should be freely given, id. § (2), except where doing so would be futile. Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

Here, Plaintiff's amended complaint was filed outside of the twenty-one day period as required under Rule 15(a), and he did not seek leave of court to amend. See Fed. R. Civ. P. 15(a)(2). Further, as Defendant argues, allowing Plaintiff's amended complaint would be futile because the amended complaint, which adds only a Second Cause of Action for "Promissory Estoppel," also fails to state a claim for relief. See Mizzaro, 544 F.3d at 1255.

In order to state a claim of promissory estoppel Plaintiff must allege that:

16

> (1) the defendant made a promise or promises; (2) the defendant should have reasonably expected the plaintiffs to rely on such promise; (3) the plaintiffs relied on such promise to their detriment; and (4) an injustice can only be avoided by the enforcement of the promise, because as a result of the reliance, plaintiffs changed their position to their detriment by surrendering, forgoing, or rendering a valuable right.

Sierra Craft, Inc. v. T.D. Farrell Constr., Inc., 282 Ga. App. 377, 638 S.E.2d 815, 820 (2007) (quoting Rental Equip. Grp. Inc. v. MACI, LLC, 263 Ga. App. 155, 587 S.E.2d 364, 367 (2003)); see also O.C.G.A. § 13-3-44.

As discussed, the record shows that Plaintiff's forbearance period had expired by January of 2011; certain moneys were owed on the mortgage that Plaintiff did not pay; Plaintiff was advised of these facts by Defendant; and Plaintiff, by undisputedly failing to tender the full amounts due and owing, including "the portion of the mortgage that was not paid" during the forbearance period, was in default on the loan. See Section II.B., supra. Plaintiff does not allege that Defendant ever affirmatively agreed to modify Plaintiff's loan under HAMP or TARP; in fact, the August, 2010, letter specifically advised Plaintiff his loan amount was changing in accordance with the terms of his adjustable-rate mortgage, and Defendant repeatedly told Plaintiff that certain missing documents were needed before his loan could be modified under federal loan modification programs such as HAMP and TARP.

The record simply fails to allege facts that would show that Defendant made any promise that Defendant should have reasonably

17

AO 72A
(Rev.8/82)

expected to induce action or forbearance on the part of Plaintiff, or that Plaintiff reasonably relied to his detriment upon any actions or promises by Defendant. Allowing the amended complaint would be an exercise in futility. Accordingly, Defendant's motion to strike Plaintiff's amended complaint, [Doc. 7], should be **GRANTED**, and the undersigned **RECOMMENDS** that Plaintiff's amended complaint, [Doc. 6], be **STRICKEN**.

**IV.**
**Service of Process**

In Part II.C of its memorandum of law, Defendant interjects an argument that the Court lacks jurisdiction over Defendant due to insufficiency of service of process. [Doc. 2-1 at 9]. The sole grounds raised in Defendant's motion, however, is that the complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6), requiring dismissal with prejudice. [Doc. 2 at 1]. Insufficiency of process or service of process under Rule 12(b)(4) or (5) was not raised in the motion. Accordingly, the undersigned has not considered this ground in formulating this Report and Recommendation. See LR 7.1A.(1), NDGa.

**V.**
**Conclusion**

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant's motion to dismiss, [Doc. 2], be **GRANTED**, and that Plaintiff's original complaint, [Doc. 1-1], be **DISMISSED**.

18

**IT IS FURTHER RECOMMENDED** that Defendant's motion to strike Plaintiff's amended complaint, [Doc. 7], be **GRANTED**, and that Plaintiff's amended complaint, [Doc. 6], be **STRICKEN**.

After entry of this Final Report and Recommendation, with no matters pending before the undersigned, the Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**SO REPORTED AND RECOMMENDED**, this 27th day of February, 2012.

   s/ *E. Clayton Scofield*   
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)